UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEREMY L. SMALLWOOD,**

    Plaintiff,

v.                                  Case No: 5:25-cv-792-WFJ-PRL

**CARLTON,**

    Defendant.

_____

**ORDER**

This cause is before the Court on Plaintiff's Motion for Injunction. (Doc. 1). Plaintiff claims that since his arrival at USP Coleman II on August 25, 2025, the medical staff has failed to consistently provide him with his prescription medication, causing multiple adverse effects. *Id*. Plaintiff was taking 20 mg of Methadone twice a day, 3,600 mg of Gabapentin, and 60 mg of Baclofen when he arrived. *Id*. at 1. Plaintiff did not receive his medication for three days which resulted in withdrawal symptoms and him being found unresponsive in his cell. *Id*. at 1–2. Since that incident, Plaintiff has not been provided his medication on several other days, occasionally multiple days in a row. Plaintiff further has additional medical needs that are not being met at the prison, and he states that a doctor at the facility told him that he has "too much going on" for the prison to handle and that he should be transferred to a medical facility. *Id*. at 2, 4, 5. Plaintiff claims that the medical department is preventing his transfer to a medical facility due to him filing a grievance against them. *Id*. at 5. Plaintiff requests

an order "to prevent further retaliation, and order the medical transfer." *Id*. at 6. For the reasons stated herein, the motion will be denied.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *see also* Fed. R. Civ. P. 65(b).

"The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539–40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

When a preliminary injunction is sought to force another party to act, rather than simply maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971).[1] Indeed a mandatory

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

injunction "should not be granted except in rare instances in which the facts and law clearly favor the moving party." *Id.* (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)); *see also Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Accordingly, a movant seeking such relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. *See Verizon Wireless Pers. Commc'n LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) (quoting the Southern District of New York, "Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'"); *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 605 F. Supp. 2d 1189, 1196 (N.D. Ala. 2009).

Plaintiff has not shown that injunctive relief should be granted. First, he is not seeking to maintain the status quo. Instead, he is asking the Court to compel the BOP to act, to transfer him to a medical facility. (Doc. 1). A request for the Court to interfere with the prison's administration is something courts generally will not entertain. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) (("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Additionally, Plaintiff did not comply with Rules 6.01 and 6.02 of the Local Rules of the United States District Court for the Middle District of Florida or Rule 65 of the Federal Rules of Civil Procedure when drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

Next, Plaintiff has not filed a civil rights complaint in this action and must do so to proceed. *See, e.g., Maldonado v. Jacksonville Sheriff's Office*, 2018 WL 11251755, at *1 (M.D. Fla. July 26, 2018) ("Without an underlying complaint served in this action, the Court is unable to entertain a preliminary injunction motion."); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Plaintiff has also not filed the requisite fee. *See* 28 U.S.C. § 1914 (The clerk of each court shall require the parties instituting any civil action to pay a filing fee of $350). Accordingly, the Motion is due to be denied without prejudice. *Mitchell v. North Carolina Medical Bd. et al.*, Case No. 6:16-cv-1648-RBD-DCI (M.D. Fla. Oct. 20, 2016) (denying without prejudice a preliminary injunction as premature because the plaintiff did not pay the required filing fee or file a motion to proceed as a pauper.).

Beyond those procedural hurdles, Plaintiff is not entitled to relief because he had failed to carry his burden to establish a substantial likelihood of success on the merits by failing to establish that he has exhausted his administrative remedies.[2] The Bureau of Prisons provides a three-level administrative grievance procedure for inmate

---

[2] In no uncertain terms, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a).

complaints (institutional, regional, and national). 28 C.F.R. § 542.10 - § 542.16. Each level is generally required to satisfy the exhaustion requirement. Here, Plaintiff makes a reference to filing a single grievance. (Doc. 1 at 2–3). Plaintiff does not claim nor provides evidence that he completed all steps of the grievance process. Thus, because Plaintiff did not exhaust his administrative grievances, he cannot demonstrate that he has met his burden in establishing a substantial likelihood of success on the merits.

Because Plaintiff has not met his burden or complied with the Local or Federal Rules for injunctive relief, his Motion (Doc. 1) is **DENIED**. The **Clerk** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party